Jacob Song (SBN 265371)
KUTAK ROCK LLP
5 Park Plaza, Suite 1500
Irvine, CA 92614
Telephone: (949) 417-0999
Facsimile: (949)-417-5394
Email: Jacob.Song@KutakRock.com

Attorneys for Plaintiff GUTTERGLOVE, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUTTERGLOVE, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN DIE and ROLLFORMING, INC., a California corporation; and VALOR GUTTER GUARD,<br><br>Defendants. | Case No.<br><br>Judge: Hon.<br>Courtroom:<br><br>**GUTTERCLOVE, INC.'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT;**<br>**JURY TRIAL DEMAND** |

COMES NOW, Plaintiff, GUTTERGLOVE, INC., ("Gutterglove") and files this Original Complaint for Patent Infringement against Defendants American Die and Rollforming, Inc. and Valor Gutter Guard, (collectively, "Defendants"); and alleges as follows:

///

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

GUTTERGLOVE'S ORIGINAL COMPLAINT
CASE NO.

4810-7329-8745.1

## I. NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## II. THE PARTIES

2. Plaintiff Gutterglove, Inc. ("Plaintiff" or "Gutterglove") is a California corporation that maintains its principal place of business in Rocklin, California.

3. Defendant American Die and Rollforming, Inc. ("American Die") is a California corporation that maintains its principal place of business in Loomis, California.

4. Defendant Valor Gutter Guard ("Valor") is a California company that maintains its principal place of business in Loomis, California.

5. On information and belief there is a corporate relationship between American Die and Valor (collectively "Defendants"). The extent of that relationship is unknown to Gutterglove at this time.

## III. JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over each Defendant, because each Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products or services into the stream of commerce, with the knowledge or understanding that such infringing products or services are sold in the State of California, including this District. The acts by Defendants have caused and continue to cause injury to Gutterglove within this District. Upon information and belief, Defendants derive substantial revenue from the sale of infringing products or services within this District, and derive substantial revenue from interstate commerce.

8. Venue is proper in this Court under 28 U.S.C. §§ 1391(b)-(d) and

1400(b) for the reasons set forth above. Furthermore, venue is proper because each Defendant, directly or through intermediaries provides infringing products in this District. Each of Defendants' infringing acts in this District gives rise to proper venue.

**IV. BACKGROUND**

9. Gutterglove asserts infringement of United States Patent No. 8,479,454 entitled "Supported Mesh Debris Preclusion System for Gutters" (the "'454 Patent"), a true and correct copy of which is attached hereto as Exhibit A.

10. Gutterglove also asserts infringement of United States Patent No. 9,021,747 entitled "Corrugated Mesh Gutter Leaf Preclusion System" (the "'747 Patent"), a true and correct copy of which is attached hereto as Exhibit B.

11. Gutterglove is the current owner of all rights, title and interest in and under the '454 Patent, which was duly and legally issued on July 9, 2013, with Robert C. Lenney and John R. Lewis as the named inventors. Gutterglove has standing to sue for the infringement of the '454 Patent.

12. Gutterglove is the current owner of all rights, title and interest in and under the '747 Patent, which was duly and legally issued on May 5, 2015, with Robert C. Lenney and John R. Lewis as the named inventors. Gutterglove has standing to sue for the infringement of the '747 Patent.

**V. PATENT INFRINGEMENT**

13. Defendants have made, used, sold, and/or offered for sale gutter guards that infringe the Asserted Patents under 35 U.S.C. § 271(a), including without limitation the Valor GutterGuard (the "Accused Product").

14. A description of the Accused Product appears on Valor's website as follows:

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4810-7329-8745.1



(See http://valorgutterguards.com/?page_id=2291, visited September 29, 2016.)

## COUNT I

## INFRINGEMENT OF THE '454 PATENT

15. The Accused Product is a gutter guard as recited by claim 12 of the '454 Patent.

16. The Accused Product includes "a screen" as recited by claim 12 of the '454 Patent.



KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

GUTTERGLOVE'S ORIGINAL
COMPLAINT
CASE NO.

4810-7329-8745.1

17. The Accused Product includes "a substantially rigid support underlying said screen and in contact with an underside of said screen" as recited by claim 12 of the '454 Patent.



18. The Accused Product includes "said rigid support including a plurality of holes therein" as recited by claim 12 of the '454 Patent.



KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4810-7329-8745.1

19. The Accused Product includes "said screen being bent into a configuration including multiple crests alternating with multiple troughs, with said, troughs closer to said rigid support than said crests and with at least some of said troughs in contact with said rigid support" as recited by claim 12 of the '454 Patent.



20. The Accused Product includes "wherein said rigid support includes a pair of slots therein including an upper slot and a lower slot, said upper slot open in a direction facing an open side of said lower slot, said screen including an upper edge opposite a lower edge with said upper edge of said screen located within said upper slot of said rigid support and said lower edge of said screen located within said lower slot of said support, and with a size of said screen between said upper edge and said lower edge similar to a distance between said upper slot and said lower slot" as recited by claim 12 of the '454 Patent.

GUTTERGLOVE'S ORIGINAL COMPLAINT
CASE NO.

4810-7329-8745.1



21. The Accused Product includes "wherein said rigid support includes a floor spaced below said screen, said floor including ribs extending up from said floor to tips in contact with said screen, said floor including said holes therein with said holes located between said ribs, said ribs extending non-parallel with said troughs" as recited by claim 12 of the '454 Patent.

22. Defendants have infringed and will continue to infringe the '454

Patent unless and until the Court enjoins Defendants from committing further acts of infringement.

23. Defendants have caused and continue to cause Gutterglove to suffer damages in an amount to be determined, and have caused and continue to cause Gutterglove irreparable harm for which Gutterglove has no adequate remedy at law. Gutterglove will continue to suffer irreparable harm unless and until the Court enjoins Defendants from committing further infringing acts infringing the '454 Patent.

24. Gutterglove is entitled to recover from Defendants damages, including lost profits, in an amount to be determined that is adequate to compensate Gutterglove for Defendants' infringement of the '454 Patent.

## COUNT II

## INFRINGEMENT OF THE '747 PATENT

25. Gutterglove restates and incorporates by reference Paragraphs 1-24 of the Complaint as though fully stated herein.

26. The Accused Product is a "A leaf preclusion system for a roof gutter having a gutter lip for keeping leaves and other debris out of the roof gutter while allowing water to pass thereinto" as recited by claim 1 of the '747 Patent.

27. The Accused Product includes "a sheet of fine mesh material; said sheet of fine mesh material having an upper edge adapted to be located above a lower edge and with said sheet of fine mesh material overlying the roof gutter" as recited by claim 1 of the '747 Patent.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4810-7329-8745.1

GUTTERGLOVE'S ORIGINAL COMPLAINT
CASE NO.



28. The Accused Product includes "said sheet of fine mesh material being corrugated with ridges extending at least part of the way from said upper edge to said lower edge and wherein said lower edge being adjacent the gutter lip when the system is in use, wherein the water is allowed to pass through said sheet of fine mesh material into the roof gutter" as recited by claim 1 of the '747 Patent.

GUTTERGLOVE'S ORIGINAL
COMPLAINT
CASE NO.



29. Defendants have infringed and will continue to infringe the '747 Patent unless and until the Court enjoins Defendants from committing further acts of infringement.

30. Defendants have caused and continue to cause Gutterglove to suffer damages in an amount to be determined, and have caused and continue to cause Gutterglove irreparable harm for which Gutterglove has no adequate remedy at law. Gutterglove will continue to suffer irreparable harm unless and until the Court enjoins Defendants from committing further infringing acts infringing the '747 Patent.

31. Gutterglove is entitled to recover from Defendants damages, including lost profits, in an amount to be determined that is adequate to compensate Gutterglove for Defendants' infringement of the '747 Patent.

## COUNT III

## WILLFUL INFRINGEMENT OF THE '454 AND '747 PATENTS

32. Gutterglove restates and incorporates by reference Paragraphs 1-32 of the Complaint as though fully stated herein.

33. On information and belief, Defendants had actual or constructive

GUTTERGLOVE'S ORIGINAL COMPLAINT
CASE NO.

notice of the Asserted Patents at least as early as September, 2016.

34. On information and belief, Defendants received a demand letter from counsel dated September 9, 2016 (the "Letter"), apprising Defendants of their infringement of the Asserted Patents. A copy of the Letter is attached hereto as Exhibit C.

35. The Letter requested that Defendants "cease and desist from making, selling, offering to sell or importing" the Accused Product.

36. The Letter requested a response within ten days. No response was received from Defendants.

37. On information and belief, Defendants had pre-suit knowledge of the Asserted Patents and of the high risk of infringement based at least on their receipt of the Letter.

38. On information and belief, despite knowing of the high likelihood of infringing the Asserted Patents, Defendants continue to sell the Accused Product to their customers and to instruct their customers on how to use the Accused Product.

39. On information and belief, Defendants have and will continue to act despite an objectively high likelihood that making, using, selling, and/or offering for sale the Accused Product constitutes infringement of the Asserted Patents.

40. Gutterglove has and will continue to be irreparably harmed by Defendants' intentional, knowing, and willful infringement of the Asserted Patents.

41. At least by the Letter dated September 9, 2016, addressed to Valor Gutter Guard, Gutterglove has given Defendants written notice of their infringement.

## **PRAYER FOR RELIEF**

Gutterglove respectfully requests the following relief:

**a.** A judgment that each Defendant has directly infringed the '454 and '747 Patents;

**b.** A judgment that each Defendant has willfully infringed the '454 and

4810-7329-8745.1

'747 Patents;

**c.** To enter orders permanently enjoining each Defendants' officers, agents, directors, servants, employees, attorneys, agents, representatives, parents, subsidiaries, affiliates, joint venturers, and all of those in active concert, privity, or participation with them and their successor and assigns, from infringing the '454 and '747 Patents;

**d.** A judgment and order requiring each Defendant to pay Gutterglove its damages, costs, expenses and pre-judgment and post-judgment interest for each Defendant's infringement of the '454 and '747 Patents as provided under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict or post-judgment infringement with an accounting as needed;

**e.** To declare this case to be exceptional under 35 U.S.C. § 285 and to award Gutterglove its attorneys' fees, expenses, and costs incurred in this action; and

**f.** To award Gutterglove such other and further relief as the Court deems just and proper.

## JURY DEMAND

Gutterglove requests a jury trial of all issues triable of right by a jury.

Dated: October 3, 2016                KUTAK ROCK LLP


                                      By:/s/ *Jacob Song*
                                         Jacob Song
                                         **ATTORNEYS FOR PLAINTIFF**

4810-7329-8745.1