UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUTTERGLOVE, INC.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN DIE and ROLLFORMING, INC., et al.,<br><br>　　　　　Defendants. | Case No. 2:16-cv-02408-WHO<br><br>**ORDER REGARDING CLAIM CONSTRUCTION HEARING AND EX PARTE APPLICATION TO STRIKE IMPROPER EVIDENCE**<br><br>Re: Dkt. No. 36 |

　　　　The purpose of this Order is to help the parties prepare for the Claim Construction hearing at 9:30 a.m. on Friday, September 1, 2017. My tentative constructions are below. I am also ruling on Gutterglove's ex parte application to strike or exclude.

　　　　Having read the briefs and considered the terms at issue, I do not believe that a separate tutorial is necessary. At the hearing, each side may have a total of one hour to argue. Plaintiff will start and address any terms as construed in the tentative with which it disagrees. Defendants may respond concerning those terms, and plaintiff may reply. Then the defendants may address any additional terms, plaintiff may respond and defendants reply. If either side wishes to fold into their argument a truncated tutorial, it may do so. I will not hear any expert testimony. Personnel issues or disputes between the parties other than the meaning of the terms are not relevant at this hearing.

## I. TENTATIVE CLAIM CONSTRUCTION

### A. The '454 Patent Claim Terms

#### 1. "a floor" (claims 1, 7, 12, 16)

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| Plain and ordinary meaning.<br><br>Alternatively, "a structure that resides slightly below the screen to provide a space in which water can travel after coming into contact with the screen" | "a planar supporting surface of the underlying support spanning between the front edge and the tab and between the lateral ends of the rigid support" | "a surface of the underlying support that resides slightly below the screen spanning between the front edge and the tab and between the lateral ends of the rigid support" |

#### 2. "a floor on a portion of said rigid support" (claim 1)

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| Plain and ordinary meaning.<br><br>In brief, offers definition of: "a lower portion of the rigid support" | "the floor (defined above) as a portion of the rigid support, the other portions of the rigid support being a tab portion and a front edge portion, the floor portion, the tab portion, and the front edge portion combining to comprise the rigid support." | No construction necessary. |

#### 3. "screen" (claims 1, 2, 12, 13, 16, 17)

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| "Mesh with openings small enough to preclude grit and other fine debris from passing into the gutter, but that allow water to pass into the gutter" | "a mesh filtration screen formed into corrugations with crests and troughs perpendicular to the longest dimension of the mesh where the crests and troughs extend from an upper edge of the mesh to a lower edge." | "Mesh formed into corrugations with crests and troughs with openings small enough to preclude grit and other fine debris from passing into the gutter, but that allow[s] water to pass into the gutter.." |

#### 4. "plurality of holes" (claims 1, 12, 16)

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| Plain and ordinary meaning<br><br>In its brief, "plurality is more than one." | "more than two openings penetrating the floor which allow water to be conducted through the floor." | "two or more openings penetrating the floor which allow water to be conducted through the floor." |

B. **The '747 Patent Claim Terms**

5. **"fine mesh material" (claims 1–6, 11–13, 16–20, 21)**

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| "mesh with openings small enough to preclude grit and other fine debris from passing into the gutter, but that allow water to pass into the gutter" | "a mesh filter member which filters out debris while allowing water to pass therethrough and is imbued with properties of sufficient stiffness and ability to overcome water droplet adhesion characteristics without requiring an underlying support" | Combination: "a mesh filter member with openings small enough to filter out fine debris while allowing water to pass therethrough and is imbued with properties of sufficient stiffness and ability to overcome water droplet adhesion characteristics without requiring an underlying support" |

6. **"being corrugated with ridges" (claims 1, 16)**

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| Plain and ordinary meaning. Alternatively, "shaped into alternate ridges and grooves." | "Being shaped into a repeating pattern of parallel ridges and valleys extending perpendicular to a long axis of a gutter along their entire length so as to imbue the mesh material with properties of sufficient stiffness and ability to overcome water droplet adhesion characteristics without requiring an underlying support." | "shaped into a series of parallel ridges and grooves so as to give strength, extending perpendicular to a long axis of a gutter" |

7. **"ridges" (claims 1, 2, 5, 6, 12, 16, 17, and 21)**

| Gutterglove's Proposed Construction | Defendants' Proposed Construction | Court's Tentative Construction |
|---|---|---|
| Plain and ordinary meaning. Alternatively, "raised bands or crests." | "a repeating pattern of parallel crests, which extend perpendicular to a long axis of a gutter along their entire length." | "raised bands or crests" |

3

## II. GUTTERGLOVE'S APPLICATION TO STRIKE AND/OR EXCLUDE

On August 24, 2017, Gutterglove submitted an *ex parte* application to strike and/or exclude certain extrinsic evidence submitted by defendants because they failed to adequately disclose the evidence in accordance with the Patent Local Rules and Federal Rule of Civil Procedure 26. Dkt. No. 36. Specifically, Gutterglove asserts that defendants failed to sufficiently set forth summaries and opinions of their proffered experts Slate Bryer and Matthew I. Stein, and failed to produce expert reports prior to the close of claim construction discovery. *Id*. at 1. Gutterglove also argues that certain exhibits submitted with defendants' responsive claim construction brief were not properly disclosed and should be excluded, and asks that the court strike the portions of defendants' brief that cite the objectionable evidence.[1]

Defendants responded to the application on August 25, 2017, arguing that they adequately disclosed the intended contributions from Bryer and Stein, and exhibits 3, 4, and 5 are publicly-available documents that are properly before the court. Dkt. No. 37. They conceded that exhibits 6 and 13 were not properly disclosed. *Id*.

I agree with defendants that their expert disclosures were adequate for tutorial and/or claim construction purposes. At this time, I make no determination as to the reliability of their proposed testimony for other purposes. Further, I do not find the identified exhibits attached to the Costello declaration particularly helpful and did not rely on them in generating the tentative constructions below. Since defendants do not dispute that they failed to disclose exhibits 6 and 13, I will exclude those from consideration.[2] But to the extent exhibits 3, 4, and 5 become relevant to claim construction, Gutterglove cannot claim prejudice—not only are they publicly-available, but they specifically relate to the parties and patents at issue here, so it must have known of the existence of

---

[1] Specifically, Gutterglove objects to the following exhibits to the Costello declaration (Dkt. No. 32-1): Patent Application No. 14/453,783 by Robert C. Lenney (Costello Decl. ¶ 6, Ex. 3), Complaint filed in Case No. 2:17-cv-01372-WBS (Costello Decl. ¶ 7, Ex. 4), Copy of Patent No. 9,284,735 (Costello Decl. ¶ 8, Ex. 5), NCR Broadcast Corporation gutter guard product reviews (Costello Decl. ¶ 9, Ex. 6), Pages from Ruffles Potato Chip website (Costello Decl. ¶ 16, Ex. 13).
[2] I do not find it necessary to strike any corresponding portions of defendants' brief.

4

this evidence.

**IT IS SO ORDERED.**

Dated: August 28, 2017

William H. Orrick
United States District Judge